```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |
|---|---|
| JOYCE E. NEWSOME, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) No. 2:10-cv-02854-JPM-tmp |
|  | ) |
| HOLIDAY INN EXPRESS et al., | ) |
|  | ) |
|     Defendants. | ) |
|  | ) |

**ORDER DENYING DESOTO'S MOTION TO DISMISS**

Before the Court is Defendant DeSoto Development Corporation's ("Defendant" or "DeSoto") Motion to Dismiss Complaint (Docket Entry ("D.E.") 4), filed December 21, 2010 ("Mot. to Dismiss"). Plaintiff Joyce E. Newsome ("Plaintiff") responded in opposition on January 19, 2011 ("Pl.'s Resp."). (D.E. 14.) The Court held a telephonic hearing on DeSoto's motion on January 27, 2011. (D.E. 18.)

On February 22, 2011, Plaintiff supplemented her response in opposition ("Pl.'s Supp."). (D.E. 21.) DeSoto filed an opposition response on February 28, 2011 ("DeSoto's Opp'n Resp."). (D.E. 22.)

For the following reasons, DeSoto's motion is DENIED.

**I. BACKGROUND**

This case arises out of Plaintiff's employment at the Holiday Inn Express located at 320 West Stateline Road in Southaven, Mississippi ("Southaven Holiday Inn Express"). On September 9, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 490-2009-02901, alleging race and age discrimination. (EEOC Charge (D.E. 14-1).) In the charge, Plaintiff named "Holiday Inn Express" as her employer and listed her employer's address as 340 West Stateline Road, Southaven, MS 38671. (Id.)

The subsequent EEOC investigation into Plaintiff's charge made inquiries of Pete Patel, DeSoto's chief executive officer[1], and Hinesch Patel, general manager of the Southaven Holiday Inn Express. (See D.E. 21-1.) On July 29, 2010, the EEOC sent Plaintiff a Right to Sue letter, a copy of which was sent to Hinesch Patel at the Southaven Holiday Inn Express. (D.E. 1-1 at 6.)

On October 28, 2010, Plaintiff filed a complaint in Shelby County Chancery Court, naming Holiday Inn, Inc. d/b/a Holiday Inn Express and Hinesch Patel as defendants.[2] (Compl. for

---

[1] In a letter dated September 10, 2009, the EEOC identified Pete Patel as the owner of the Southaven Holiday Inn Express.

[2] In her complaint, Plaintiff alleges race discrimination, hostile work environment, and retaliation under Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e et seq., and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (D.E. 1-1.) Plaintiff also alleges a state law claim for misrepresentation.

2

Discrimination in Employment (D.E. 1-1 at 1-5).) That same day, Plaintiff's counsel sent a summons to "Holiday Inn Express" at "Three Ravinia Drive, #100, Atlanta, GA 30346." (Summons (D.E. 1-1 at 7-9).)

On November 26, 2010, Holiday Hospitality Franchising, Inc. ("HHF") removed the action to this Court. (D.E. 1.) In the notice of removal, HHF states that Plaintiff's complaint was received on November 2, 2010 at its offices in Atlanta, Georgia. (Id.) It explains that HHF, formerly known as Holiday Inns Franchising, Inc., "enters into franchising and/or licensing agreements for franchisees of the Holiday Inn brand hotels, but has no involvement in the management or personnel decisions of the franchisees." (Id.) HHF also avers that "[n]o entity known as Holiday Inn, Inc. exists." (Id.)

Upon consent of the parties, DeSoto was substituted as the sole defendant in this cause on December 3, 2010. (Consent Order of Voluntary Dismissal as to Originally Named Defs. in this Cause and Consent Order of Substitution of the Proper Def. in the Place and Stead of the Originally Named Defs. ("Consent Order of Substitution") (D.E. 2).) DeSoto is the owner/operator of the Southaven Holiday Inn Express. (Mot. to Dismiss 1; Patel Aff. ¶ 3.) DeSoto entered into a franchise agreement with Intercontinental Hotels Group ("IHG") of Atlanta, Georgia to operate the hotel premises in Southaven as a "Holiday Inn

3

Express." (Mot. to Dismiss 1.) According to IHG's website, IHG "is a trade name describing the subsidiary companies of IHG involved in the hotel business around the world."[3] In the United States, HHF is the franchisor/licensor of most IHG brand names and marks, including the "Holiday Inn Express" brand. The address for both IHG and HHF is listed on IHG's website as Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346-2121.

On December 21, 2010, DeSoto filed the instant motion to dismiss.[4] DeSoto argues that Plaintiff's complaint should be dismissed because she named only Holiday Inn Express in the EEOC Charge and the complaint. (Mot. to Dismiss 2.) Thus, DeSoto asserts that Plaintiff failed to meet the administrative exhaustion requirements as to DeSoto. (Id. at 1-2.)

**II. STANDARD OF REVIEW**

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint

---

[3] See http://www.ichotelsgroup.com/h/d/6c/1/en/c/2/content/dec/cn/0/en/tc.html

[4] DeSoto's motion does not state the specific provision of the Federal Rules of Civil Procedure under which it moves to dismiss Plaintiff's complaint. (See generally Mot. to Dismiss) Defendant's motion essentially challenges Plaintiff's failure to meet the administrative exhaustion requirements of 42 U.S.C. § 2000e as to DeSoto. Though some courts have treated this argument as a challenge pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, see, e.g., McClenton v. Office Evolutions, Inc., No. 04-2889 B, 2006 WL 5252389, at *1 (W.D. Tenn. March 2, 2006), "the failure to exhaust administrative remedies . . . is not a jurisdictional bar, but rather a condition precedent to an action in federal court." McKnight v. Gates, 282 F. App'x 394, 397 n.2 (6th Cir. 2008) (affirming district court's decision to assess the defendant's exhaustion argument pursuant to Rule 12(b)(6) standards). Thus, the Court construes DeSoto's motion, challenging Plaintiff's failure to exhaust administrative remedies, as one made pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

4

only survives a motion to dismiss [under Rule 12(b)(6)] if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903.

Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however,

"the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmovant must support the assertion that a genuine dispute as to one or more material facts exists. Fed. R. Civ. P. 56(c)(1)(A)-(B). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. ANALYSIS**

Plaintiff offers two arguments in response to DeSoto's motion to dismiss. First, Plaintiff contends that DeSoto "is in fact seeking a Motion for Summary Judgment." (Pl.'s Resp. 2-3.) Second, Plaintiff argues that her failure to name DeSoto in the EEOC charge of discrimination does not bar her complaint because the identity of interest exception is applicable in this case. (Id. at 2.)

**A. DeSoto's Motion to Dismiss Should be Converted Into One for Summary Judgment**

Plaintiff submits that DeSoto's motion is one for summary judgment because it relies on matters outside the pleadings. (Pl.'s Resp. 2.) Treated as a motion for summary judgment, Plaintiff argues that DeSoto's motion must be denied because Plaintiff has not been provided adequate time for discovery. (Id. at 3.)

"The federal rules require that if, in a 12(b)(6) motion to dismiss, 'matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss, then the motion must be treated as one for summary judgment under Rule 56.'" Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010) (quoting Fed. R. Civ. P. 12(d)). When converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. The Sixth Circuit has explained that notice of conversion is required only "where 'one party is likely to be surprised by the proceedings . . . .'" Wysocki, 607 F.3d at 1105 (quoting Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1998)). In the absence of surprise, the question of whether notice is appropriate "'depends [on] the facts and circumstances of each case.'" Id. (quoting Salehpour, 159 F.3d at 204).

In this case, DeSoto filed the Affidavit of Pete Patel in Support of the Substituted Defendant's Motion to Dismiss ("Patel Aff.") on December 21, 2011, the same day it filed its motion to dismiss. (D.E. 5.) DeSoto's motion explicitly references Patel's affidavit. (See Mot. to Dismiss 3.) Following the telephonic hearing on DeSoto's motion, the Court invited Plaintiff to "supplement her Response to Defendant's Motion to Dismiss (D.E. 14), attaching and referring to any portions of the EEOC file relevant to the issue of whether the identity of interest exception is applicable in this case." (Order Following Telephonic Hearing 2.) In the same order, the Court also granted leave to DeSoto to file a supplemental reply. (Id.) Accordingly, Plaintiff was put on notice that DeSoto's motion to dismiss could be converted into a motion for summary judgment. Furthermore, both Plaintiff and DeSoto had a reasonable opportunity to present materials outside the pleadings in support or opposition to DeSoto's motion. The Court thus finds that conversion is appropriate here.

Contrary to Plaintiff's claims, "[t]he fact that discovery is not complete——indeed, has not begun——need not defeat [a motion for summary judgment]." Pan Am. Pharms., Inc. v. Shelin, Nos. 91-1837, 91-1839, 1992 WL 358481, at *6 (6th Cir. 1992) (quoting Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 729 (7th Cir. 1986)). Where there is nothing to suggest that discovery

may lead to a different result, the Court may properly dispose of a motion for summary judgment. See id. The Court provided Plaintiff the opportunity to discover relevant evidence and supplement her response. Plaintiff, after obtaining a copy of the EEOC file, supplemented her response to DeSoto's motion, relying on and attaching documents outside the pleadings. (Pl.'s Supp. Resp. Ex. 1 (D.E. 21-1).) Thus, Plaintiff has been afforded adequate opportunity to conduct discovery relevant to the issues raised in DeSoto's motion. Disposition of DeSoto's motion, construed as one for summary judgment, is, therefore, appropriate without any additional discovery.

**B. DeSoto Has Waived its Limitations Period Challenge**

DeSoto argues the claims against it are barred by the statute of limitations, which require that Plaintiff file suit against DeSoto within ninety days of receipt of the Right to Sue Letter.[5] (Def.'s Resp. 2-3 (citing 42 U.S.C. § 2000e et seq.).)

As a prerequisite to a suit, an employee must first file a charge with the EEOC for an alleged violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Additionally, an employee must initiate

---

[5] DeSoto also claims that Plaintiff's complaint must be dismissed because "Holiday Inn Express" is "not an entity" but rather, is a "mere trade name" that is incapable of being sued. (Mot. to Dismiss 2.) To the extent that DeSoto challenges the applicability of the identity of interest exception to the procedural facts of this case, i.e. where the named party is a trade name and not an entity capable of being sued, DeSoto's challenge fails. Other courts have applied the identity of interest exception where a plaintiff mistakenly names the brand name being used by his or her employer in the EEOC charge of discrimination and/or complaint. See, e.g., Ashley Paramount Hotel Group, Inc., 451 F. Supp. 2d 319, 327-29 (D. R.I. 2006).

9

his or her civil actions within ninety days of receipt of a Right to Sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Truitt v. County of Wayne, 148 F.3d 644, 646 (6th Cir. 1998). The ninety-day limitations period for filing a complaint is not jurisdictional, but "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

Though Plaintiff's complaint was filed within the 90-day limitations period, DeSoto was not named in the complaint. (Compl. for Discrimination in Employment.) Rather, Plaintiff erroneously named "Holiday Inn Express d/b/a Holiday Inn Express" and "Hinesch Patel" as the defendants. (Id. at 1.) Plaintiff later learned that "Holiday Inn Express" was not, in fact, the name of her employer, but instead only the name of the business operated by DeSoto.[6]

DeSoto was substituted as the proper defendant in this action on December 3, 2010 by the consent of the parties. (Consent Order of Substitution.) On that day, Thomas Yeaglin, Esq., counsel for DeSoto, visited the chambers of the

---

[6] Plaintiff does not provide the date or method by which she learned that DeSoto was the proper Defendant. She does aver, however, that "[t]aking the word of Defendant's counsel, Plaintiff consented to substitute DeSoto Development in as the Defendant in this matter." (Pl.'s Resp. 1.) The Court, therefore, assumes that Plaintiff's counsel was contacted at some point between the filing of the Complaint and the Consent Order Substituting Defendants and informed that the "properly named Defendant should be . . . DeSoto . . ., which entity was the Plaintiff's actual employer at all times material hereto." (Consent Order of Substitution 1.)

10

undersigned judge to obtain a signature on a document titled "Consent Order of Voluntary Dismissal as to the Originally Named Defendants in this Cause and Consent Order of Substitution of the Proper Defendant in the Place and Stead of the Originally Named Defendants." The proposed order was signed by Edgar Davison, Esq., counsel for Plaintiff, and Thomas D. Yeaglin, counsel for newly substituted Defendant DeSoto. (Id. at 2.) The Order was signed and entered on December 3, 2010. (D.E. 2.)

The Court construes the Consent Order of Dismissal as a waiver by DeSoto of any challenge to the timely filing of Plaintiff's complaint within the 90 day limitations period.[7]

---

[7] Had Plaintiff sought to amend her complaint to substitute DeSoto, a limitations challenge by DeSoto would be analyzed pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. The Court would have to determine whether the amended complaint substituting DeSoto related back to the original complaint under the factors set out in Rule 15(c)(3). However, the Court need not conduct such an analysis here because, by consenting to substitution, DeSoto agreed that it should be treated as the defendant in Plaintiff's complaint, filed within the 90-day limitations period.

Nevertheless, on these facts, a subsequent amended complaint naming DeSoto would be considered timely, pursuant to Rule 15(c)(3)'s relation back doctrine. Plaintiff's claims against DeSoto "arose out of the conduct, transaction, or occurrence set forth . . . in the original [complaint]." Id. There can be no dispute that DeSoto received notice within the 120 day period for service. DeSoto's counsel acted affirmatively within 26 days from the filing of the complaint to substitute itself "as the properly named Defendant." (Consent Order of Substitution 1.) Moreover, there is competent evidence that DeSoto "knew or should have known that, but for a mistake concerning [its identity], the action would have been brought against [DeSoto]." Fed. R. Civ. P. 15(c)(3)(B). During the EEOC's investigation, the EEOC contacted Pete Patel, DeSoto's chief executive officer, and Hinesch Patel, the general manager of the Southaven Holiday Inn Express, and also one of the originally named Defendants. As explained further below, DeSoto and "Holiday Inn Express" share an identity of interest such that Plaintiff's failure to name DeSoto in her EEOC charge does not preclude her civil action against DeSoto in court. Thus, pursuant to Rule 15(c)(3), had Plaintiff sought to amend her complaint to substitute DeSoto as the properly named Defendant, it would have related back to the date of Plaintiff's original complaint and any challenge to the limitations period would fail.

Having consented to substitution as the proper defendant in Plaintiff's complaint, DeSoto cannot now argue that Plaintiff's complaint as to DeSoto was untimely. In the Consent Order of Dismissal, DeSoto consented to the following: (1) "substituted in [the originally named Defendants] place and stead as the properly named Defendant should be the entity known as DeSoto Development Corporation, a Mississippi Corporation, which entity was the Plaintiff's actual employer at all times material hereto"; and (2) "said substituted Defendant should now have twenty days hereafter to place of record its initial responsive plea to the Complaint that *has now been asserted against it in this cause*." (Id. at 2 (emphasis added).) In so doing, DeSoto agreed that the claims asserted in Plaintiff's Complaint were against DeSoto and waived any challenge to its timely filing as to DeSoto.

**C. The Identity of Interest Test is Satisfied**

To the extent that DeSoto's motion to dismiss is based on Plaintiff's failure to name DeSoto in her EEOC Charge, DeSoto's motion also fails. As previously noted, Plaintiff did not name DeSoto in her EEOC Charge of Discrimination. Rather, she named "Holiday Inn Express." Plaintiff alleges, however, that her failure to name DeSoto does not preclude her suit against DeSoto because the identity of interest exception is applicable in this case. (Pl.'s Resp. 2.)

"As a general rule, failure to name a party in an EEOC complaint precludes later civil action against that individual in court." Lynn v. JER Corp., 573 F. Supp. 17, 19 (M.D. Tenn. 1983) (citing EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1092 (6th Cir. 1974)). "There is a limited exception to this general rule when the unnamed party in the EEOC charge has a 'clear identity of interest' with the party actually sued." Szoke v. United Parcel Svs. of Am., Inc., 398 F. App'x 145, 153-54 (6th Cir. 2010) (citing Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473, 1480-91 (6th Cir. 1990)). "The 'identity of interest' exception acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in stating the charge." Romain v. Kurek, 836 F.2d 241, 245 (6th Cir. 1987).

The Sixth Circuit has adopted two separate tests to determine when an identity of interest exists. See Alexander v. Local 496, Laborers' Int'l Union, 177 F.3d 394, 411-12 (6th Cir. 1999). "The first test, known as the Seventh Circuit test, requires that a party demonstrate that 'the unnamed party possesse[d] sufficient notice of the claim to participate in voluntary conciliation proceedings' before the EEOC." Szoke, 398 F. App'x at 154 (quoting Alexander, 177 F.3d at 411). The Sixth

13

Circuit requires that "the unnamed party have actual notice of the claim." Id. (citing cases).

In Jackson v. Fed. Express Corp., for example, the district court held that the plaintiff's claims against FedEx Services were not barred even though he did not name FedEx Services in the EEOC charge. No. 04-2470 Ma/A, 2006 U.S. Dist. LEXIS 5060, at *8-9 (W.D. Tenn. Jan. 18, 2006). While the plaintiff named only FedEx Express in the EEOC charge, the EEOC directly contacted FedEx Services, which responded as if the charge had been made against it. Id. The court found that FedEx Services had sufficient notice of the charge of discrimination and thus, the claims against FedEx Services were not barred. Id.

Likewise, in this case, DeSoto had sufficient notice of Plaintiff's claims. The EEOC contacted Pete Patel, DeSoto's chief executive officer, regarding Plaintiff's charge of discrimination. (D.E. 21-1 at 3.) DeSoto, through its general manager Hinesch Patel, responded as if the charge had been made against DeSoto. (Id. at 1.) All correspondence directed at Plaintiff's employer during the EEOC's investigation was sent to the Southaven Holiday Inn Express at the address indicated on Plaintiff's EEOC Charge. (Id. at 1-3; D.E. 1-1 at 6.) DeSoto has presented no evidence to dispute that DeSoto was on notice of Plaintiff's charges such that it was able to participate in the EEOC's investigation and voluntary conciliation proceedings.

14

Thus, Plaintiff has satisfied the Seventh Circuit identity of interest test because DeSoto had sufficient notice of Plaintiff's charge and participated in the investigation as though the charges were against it.

DeSoto argues that the identity of interest exception is inapplicable because "Plaintiff knew exactly who she was employed by" based on her paychecks and W-2 statements on which DeSoto was identified as her employer. (DeSoto's Opp'n Resp. 2; see also Patel Aff. ¶ 6) Under the Seventh Circuit test, whether Plaintiff knew that she was employed by DeSoto is irrelevant to whether an identity of interest exists between DeSoto and Holiday Inn Express.[8] What is important is that DeSoto "possessed sufficient notice of the claim to participate in voluntary conciliation proceedings before the EEOC." Szoke, 398 F. App'x at 154.

Because the facts demonstrate that DeSoto had actual notice of Plaintiff's charge and had an opportunity to participate in the EEOC investigation and/or conciliation proceedings, the identity of interest exception applies in this case.

---

[8] These facts are relevant to the Third Circuit test, which is the alternative test adopted by the Sixth Circuit to determine when an identity of interest exists. The Third Circuit test considers four factors, one of which asks "[w]hether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint[.]" Szoke, 398 F. App'x at 154 (quoting Romain 836 F.2d at 246). Because the Court finds that an identity of interest exists between DeSoto and Holiday Inn Express under the Seventh Circuit test, it need not consider whether the Third Circuit test is met.

Accordingly, Plaintiff's claims against DeSoto are not barred by her failure to name DeSoto in the EEOC charge.

**IV. CONCLUSION**

For the foregoing reasons, DeSoto's motion to dismiss, construed as a motion for summary judgment, is DENIED.

**IT IS SO ORDERED,** this 10th day of March, 2011.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE
